UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUND PACELLO, JR., | Civil No.13-0405-GPC(WVG) |
| Plaintiff, | ORDER DENYING EX PARTE MOTION FOR EXPEDITED |
| v. | DISCOVERY (DOC. NO. 8) |
| JAMIE JIMENEZ, et al., | |
| Defendants. | |

Plaintiff Raymund Pacello, Jr. ("Plaintiff") has filed an Ex Parte Motion For Expedited Discovery ("Motion"). Defendants Jaime (erroneously sued as "Jamie") Jimenez and Griselda Jimenez, Bank of America, and Bank of New York Mellon have filed Oppositions to the Motion. For the reasons stated below, the Motion is DENIED.

On February 20, 2013, Plaintiff filed a Complaint against Defendants alleging Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), Violation of the California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, et seq.), Violation of Cali-

fornia Business & Professions Code § 17200, Quiet Title, Cancellation of Written Instrument, Accounting, and Fraud, in connection with the financing and foreclosure on his former home at 574 Old Trail Drive, Chula Vista, California ("subject property").

Plaintiff's Motion seeks the following expedited discovery:

1. The history and current status of any assignments of the promissory note, including who the current holders of the note may be and to receive a full accounting on the subject loan.[1]

2. A Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant First American Title Insurance Company ("First American") pertaining to the purported assignment of trust deeds.[2]

3. Depositions of Jaime Jimenez and Griselda Jimenez regarding the alleged fraud in the chain of title of the subject property.

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). A court may grant a request to take discovery prior to the parties' meeting under Rule

---

[1] The Court presumes that Plaintiff seeks this information regarding the subject property.

[2] See footnote 1.

26(f) where the requesting party demonstrates good cause. See Semitool, Inc. v. Tokyo Electon Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); U.S. v. Distribuidora Batiz CGH, S.A. DE C.V., 2009 WL 2487971, at 10 (S.D. Cal. 2009). A balancing test is used to determine the presence of good cause. See Semitool, 208 F.R.D. at 267-268. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

Here, Plaintiff contends that the discovery he seeks will show that First American knew, when it issued title insurance to Jaime Jimenez and Griselda Jimenez, that the foreclosure on Plaintiff's home was based on fraudulent documents, that the documents he seeks are solely in Defendants' possession, and that he needs to present such information in Opposition to Defendants' Motions to Dismiss his Complaint.

However, Plaintiff does not explain why the discovery sought must be presented in opposition to Defendants' Motions to Dismiss. Since a motion to dismiss tests the sufficiency of the complaint, and extrinsic evidence is not usually considered by the court in ruling on a motion to dismiss, Plaintiff has failed to show why the court should consider the information he seeks in ruling on the Motion to Dismiss. Also, some of the information Plaintiff seeks is equally available to him as it is to Defendants. Additionally, all the information Plaintiff seeks

does not appear to have any bearing on Plaintiff's ability to respond to Defendants' Motions to Dismiss, nor Plaintiff's ability to cure any defects in the Complaint, if the Court finds any defects. In fact, all of the discovery sought by Plaintiff can wait until after Defendants have answered Plaintiff's Complaint and Plaintiff and Defendants have met and conferred regarding discovery, pursuant to Federal Rule of Civil Procedure 26(f).

On the other hand, the expedited discovery sought by Plaintiff would subject Defendants to the costs of researching, collecting and producing documents to Plaintiff regarding an accounting on his loan, which may never be discoverable in this action, litigating the financial privacy rights of Jaime Jimenez and Griselda Jimenez prior to or after deposing them, and preparing for and completing a Federal Rule of Civil Procedure 30(b)(6) deposition, all before the pleadings are settled.

The Court finds that Plaintiff has failed to present good cause for the expedited discovery he seeks because his need for the expedited discovery, in consideration of the administration of justice, does not outweigh the prejudice to Defendants in having to respond to the requested discovery. Semitool, 208 F.R.D. at 276. As a

result, Plaintiff's Motion for Expedited Discovery is DENIED.

DATED: April 9, 2013

                                  Hon. William V. Gallo
                                  U.S. Magistrate Judge